IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JOANNA RYAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 1:13-cv-01266-STA-dkv |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER REVERSING THE DECISION OF THE COMMISSIONER AND
REMANDING PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G)**

Plaintiff Joanna Ryan filed this action to obtain judicial review of Defendant Commissioner's final decision denying her application for Supplemental Security Income ("SSI") under the Social Security Act ("Act"). Plaintiff's application was denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on April 16, 2012. On June 28, 2012, the ALJ issued a decision, finding that Plaintiff was not entitled to benefits. The Appeals Council denied Plaintiff's request for review, and, thus, the decision of the ALJ became the Commissioner's final decision. For the reasons set forth below, the decision of the Commissioner is **REVERSED**, and the action is **REMANDED** for additional testimony pursuant to sentence four of 42 U.S.C. § 405(g).

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of a final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or

1

reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[1] The court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision,[2] and whether the correct legal standards were applied.[3]

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] It is "more than a mere scintilla of evidence, but less than a preponderance."[5] The Commissioner, not the Court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly.[6] When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion.[7] "[W]hen there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award benefits. The case can be remanded under sentence four of 42 U.S.C. § 405(g) for further

---

[1] 42 U.S.C. § 405(g).

[2] *Id.*

[3] *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). *See also Landsaw v. Sec'y of Health & Human Servs*, 803 F.2d 211, 213 (6th Cir. 1986).

[4] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)).

[5] *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[6] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

[7] *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

consideration."[8] Additionally, the Court may reverse an ALJ's decision that is supported by substantial evidence if the Social Security Administration failed to follow its own regulations and that error prejudiced a claimant on the merits or deprived the claimant of a substantial right.[9]

Pursuant to sentence four, a district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The court may immediately award Plaintiff benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."[10] "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking."[11] These factors are not present in this case, and an immediate award of benefits is not appropriate. However, a remand pursuant to sentence four of § 405(g) is appropriate because all essential issues have not been resolved.

Plaintiff was born on June 1, 1968, and was forty-four years old at the time of the ALJ's decision.[12] She completed one year of college and previously worked as an assembly-line feeder and a stocker.[13] Plaintiff alleged disability beginning on September 13, 2007, due to depression, back pain, and numbness in her legs.[14]

---

[8] *Faucher v. Secretary*, 17 F.3d 171, 175 (6th Cir. 1994).

[9] *See Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).

[10] *Faucher*, 17 F.3d at 176 (citations omitted).

[11] *Id.*

[12] (R. 98, ECF No. 9-7.)

[13] (*Id.* at 104-05, 121-24.)

[14] (*Id.* at 103.)

The ALJ enumerated the following findings: (1) Plaintiff has not engaged in substantial gainful activity since the application date; (2) Plaintiff has severe impairments of obesity, back disorder, arthralgia, adjustment disorder, mood disorder, and anxiety related disorder, but she does not have an impairment or combination of impairments that met or equaled a listing in 20 C.F.R. pt. 404, subpt. P, app. 1 through her date last insured; (3) Plaintiff retained the residual functional capacity to perform sedentary work except that she is limited to unskilled work; (4) Plaintiff cannot perform her past relevant work; (5) Plaintiff is a younger individual with a high school education; (6) transferability of job skills is not material to the determination of disability because Plaintiff's past relevant work is unskilled; (7) considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform; (8) Plaintiff was not under a disability as defined in the Act at any time through the date of this decision.[15]

The Social Security Act defines disability as the inability to engage in substantial gainful activity.[16] The claimant bears the ultimate burden of establishing an entitlement to benefits.[17] The initial burden of going forward is on the claimant to show that she is disabled from engaging in her former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background.[18]

---

[15] (R. 15 – 21, ECF No. 9-3.)

[16] 42 U.S.C. § 423(d)(1).

[17] *Born v. Sec'y of Health & Human Servs*, 923 F.2d 1168, 1173 (6th Cir. 1990).

[18] *Id.*

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

2. An individual who does not have a severe impairment will not be found to be disabled.

3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that she has done in the past will not be found to be disabled.

5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.[19]

Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis.[20] Here, the sequential analysis proceeded to the fifth step. The ALJ found that Plaintiff could not perform her past relevant work but that there were a significant number of other jobs that Plaintiff could perform. The Court agrees that this finding was in error.

After finding that Plaintiff had the residual functional capacity to perform unskilled sedentary work, the ALJ used Rule 201.27 of the Medical-Vocational Guidelines of Appendix ("the grids") as a framework to direct a conclusion of not disabled instead of calling a vocational

---

[19] *Willbanks v. Sec'y of Health & Human Servs*, 847 F.2d 301 (6th Cir. 1988).

[20] 20 C.F.R. § 404.1520(a).

expert to testify.[21] Use of the grids is appropriate to meet the Commissioner's burden when a claimant can perform the full range of work at a designated level of residual functional capacity, despite any nonexertional impairments.[22] In *Kirk v. Secretary*,[23] the court held that the use of the grids was permissible in most cases, but that "the grid also specifically disclaims an ability to predict disability when nonexertional limitations are the focus of a claimant's impairment…thus, if the nonexertional limitation restricts a claimant's performance of a full range of work at the appropriate residual functional capacity level, nonexertional limitations must be taken into account and a nonguideline determination made."[24] "Reliance upon the grids in the presence of nonexertional limitations requires reliable evidence of some kind that the claimant's nonexertional limitations do not significantly limit the range of work permitted by his exertional limitations."[25] In the present case, the Commissioner has failed to present such evidence.

As explained in *Bull v. Comm'r of Soc. Sec.*,[26]

---

[21] The grids include detailed rules which, based on a claimant's residual functional capacity, age, education and work experience, direct a finding of "disabled" or "not disabled." 20 C.F.R., pt. 404, subpt. P, app. 2 § 200.00(a).

[22] *See Cole v. Secretary*, 820 F.2d 768, 772 (6th Cir. 1987) ("A mere allegation of nonexertional limitation is not sufficient to preclude application of the grid; the determining factor is whether the alleged nonexertional limitation is severe enough to alter the conclusion that the claimant could do a full range of sedentary work.")

[23] 667 F.2d 524 (6th Cir. 1981).

[24] *Id.* at 528-29. *See also Jordan v. Commissioner*, 538 F. 3d 417, 424 (6th Cir. 2008) (explaining that the Commissioner may not rely on the grids alone to meet his step five burden when the evidence shows that a claimant has nonexertional impairments that preclude the performance of a full range of work at a given level.)

[25] *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987).

[26] 629 F. Supp. 2d 768 (S.D. Ohio 2008).

> The grid is designed for use when the alleged impairment manifests itself through limitations in meeting the strength requirements of jobs. 20 C.F.R. Subpart P, Appendix 2, § 200.00(e). If plaintiff suffers solely from nonexertional impairments, the grid is inapplicable and the Commissioner must rely on other evidence to rebut plaintiff's prima facie case of disability. *Id.*, § 200.00(e)(1). Nonexertional impairments include "certain mental, sensory, [and] skin impairments" as well as "postural and manipulative limitations [and] environmental restrictions." 20 C.F.R. Subpart P, Appendix 2, § 200.00(e). [When] a plaintiff suffers from an impairment or a combination of impairments that results in both exertional and nonexertional limitations, the grid is consulted to see if a finding of disability is directed based upon the strength limitations alone. If not, the grid is then used as a framework and the Commissioner examines whether the nonexertional limitations further diminish plaintiff's work capability and preclude any types of jobs. If an individual suffers from a nonexertional impairment that restricts performance of a full range of work at the appropriate residual functional capacity level, the Commissioner may use the grid as a framework for a decision, but must rely on other evidence to carry his burden. The existence of a minor nonexertional impairment is insufficient to preclude use of the grid for directing a decision. Rather, plaintiff must demonstrate that the nonexertional impairment "significantly limits" his ability to do a full range of work at the appropriate exertional level in order to preclude a grid based decision. When the grid is not applicable, the Commissioner must make more than a generalized finding that work is available in the national economy; there must be "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform specific jobs." ... When the grid is inapplicable, the testimony of a vocational expert is required to show the availability of jobs that plaintiff can perform.[27]

In the present case, medical consultative examinations were completed prior to the hearing by Dr. Leonard Hayden[28], Dr. Edward Crosthwait[29] and Dr. John Woods.[30] Dr. Woods and Dr. Hayden limited Plaintiff to less than sedentary work. However, the ALJ found that the

---

[27] *Id.* at 779-80 (some citations omitted).

[28] (R. 244-47, ECF No. 9-10.)

[29] (R. 298-306, ECF No. 9-12.)

[30] (R. 376-81, ECF No. 9-14.)

7

opinion of consultative examiner Dr. Crosthwait was "most reflective" of Plaintiff's "current functioning."[31]

Dr. Crosthwait opined, *inter alia*, that Plaintiff should never climb stairs, ramps, ladders or scaffolds; never balance, stoop, kneel, crouch, or crawl; and never be exposed to unprotected heights, moving mechanical parts, humidity/wetness, dust, odors or irritants, extreme heat, extreme cold or vibrations.[32] Although the ALJ accepted Dr. Crosthwait's restrictions, he did not explain why they did not significantly erode the occupational base for unskilled sedentary work.[33] It is unclear whether Plaintiff retained the residual functional capacity to perform unskilled sedentary work when her postural and environmental restrictions are considered.[34] A remand is necessary to clarify Plaintiff's residual functional capacity.

Furthermore, Plaintiff's postural and environmental restrictions call into question the use of the grids at step five. Because the ALJ erred in using the grids rather than obtaining the testimony of a vocational expert, substantial evidence does not support his determination that other jobs exist that Plaintiff can perform.

On remand, the extent of Plaintiff's impairments, both exertional and nonexertional, must be determined and their limiting effects with subsequent testimony from a vocational expert as to

---

[31] (R. 19 - 20, ECF No. 9-3.) ("Further, the undersigned is persuaded that the opinion of Dr. Crosthwait (Exhibit 10F) is most in line with the claimant's longitudinal record.")

[32] (R. 303-305, ECF No. 9-12.)

[33] For example, SSR 96-9p provides that a complete inability to stoop would significantly erode the unskilled sedentary occupational base.

[34] The Commissioner acknowledges that Dr. Crosthwait opined that Plaintiff should never engage in postural activities and that the ALJ gave Dr. Crosthwait's opinion "great weight" (Comm's Br., p. 5, ECF No. 12.) but then argues that Plaintiff failed to show that she actually had these limitations. (*Id.* at p. 9.) The Commissioner's argument is disingenuous at best.

whether, in light of those impairments and limitations, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

Having found that the decision must be reversed, the court must determine whether it is appropriate to remand this case or to direct the payment of benefits. Because the record does not establish that Plaintiff is entitled to benefits or that all essential facts have been resolved, it is appropriate to remand this case for further proceedings.[35] Therefore, the decision of the Commissioner is **REVERSED**, and the action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for another hearing consistent with this order.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 4, 2016.

---

[35] *See, e.g., Snyder v. Comm'r of Soc. Sec.*, 2009 WL 891771 at *1 (S.D. Ohio Mar. 31, 2009) ("[A]ll factual issues have yet to be resolved given that, while a complete inability to stoop would significantly erode the unskilled sedentary occupational base and that a finding that the individual is disabled would usually apply, SSR 96-9p does not demand an automatic finding of disabled when a claimant, who is limited to sedentary work, has a complete inability to stoop.")